# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| XCEED MANAGEMENT GROUP, LLC, § § § *Plaintiff,* § § v. § § ASSUREDPARTNERS AEROSPACE, § LLC D/B/A AIRSURE LIMITED, LLC, § § *Defendant.* § § | Civil Action No. 4:23-cv-690 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion Requesting Costs (Dkt. #36). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This case arises from a dispute regarding costs between Plaintiff, a helicopter operations company, and Defendant, an aviation insurance broker (Dkt. #36 at p. 3). Plaintiff initially brought an insurance broker negligence claim against Defendant in Texas state court (Dkt. #36 at p. 2). Defendant removed the case to this Court based on diversity jurisdiction and moved for summary judgment after discovery (Dkt. #36 at p. 3). The Court granted that Motion and entered final judgment dismissing Plaintiff's claims with prejudice (Dkt. #36 at p. 3).

Following entry of judgment, Defendant submitted a Bill of Costs totaling $12,233.11 (Dkt. #36 at pp. 3, 5; *see generally* Dkt. #36-5). The parties conferred but were unable to resolve their dispute over $8,020.06 of the requested amount (Dkt. #37 at p. 1). That portion consists primarily of expenses related to video depositions, including both video and transcript formats, as

well as various fees charged by the deposition vendor (Dkt. #37 at pp. 2-6). Defendant argues that those costs were necessarily incurred under a stipulation that permitted the use of remote depositions at trial (Dkt. #36 at pp. 2-4). Plaintiff disagrees, contending that the disputed costs were either duplicative, incidental, or not properly taxable under 28 U.S.C. § 1920 (Dkt. #37 at pp. 2-6).

The issue before the Court is whether costs for both video and written deposition formats, as well as fees for various support services associated with remote depositions, are recoverable under 28 U.S.C. § 1920. On August 13, 2024, Defendant filed its Motion, arguing that costs associated with the remote depositions are recoverable (Dkt. #36 at p. 4). On August 27, 2024, Plaintiff filed its Response, contending that those costs were unnecessary and, therefore, unrecoverable under 28 U.S.C. § 1920 (Dkt. #37 at p. 1). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) dictates that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This provision "creates a 'strong presumption' in favor of awarding costs to a prevailing party, and 'a district court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.'" *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (quoting *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012)); *see also Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). This is so because the denial of costs is considered "in the nature of a penalty." *Shwarz*, 767 F.2d at 131.

Awardable costs are set forth by the federal costs statute, 28 U.S.C. § 1920. Under § 1920, courts may award the following types of costs to the prevailing party:

1. Fees of the clerk and marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under 28 U.S.C. § 1923;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

*Id.* The United States "Supreme Court has indicated that federal courts may only award those costs articulated in § 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007). The party seeking recovery under § 1920 bears the burden of proving the amount and necessity of those costs. *DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, No. 2:12-cv-00764-WCB-RSP, 2015 WL 164072, at *1 (E.D. Tex. Jan. 13, 2015) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). The prevailing party carries the burden to demonstrate that the costs it seeks are recoverable. *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 804 (E.D. Tex. 2012), *aff'd sub nom. Eolas Techs. Inc. v. Amazon.com, Inc.*, 521 Fed. App'x. 928 (Fed. Cir. 2013).

The Court has discretion to deny costs when the "'suit was brought in good faith *and* denial is based on at least one of the following factors: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'"

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794); *see also* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (4th ed. 1998).

## ANALYSIS

To resolve the question of whether Defendant is entitled to recover the disputed remote deposition costs, the Court must decide two issues: (1) whether the parties' identified categories of costs—video recordings, transcript formats, and various technology and service fees—are recoverable under 28 U.S.C. § 1920; and (2) whether those costs were "necessary" to the case within the meaning of the statute. *See* 28 U.S.C. § 1920. The Court will consider each in turn below.

### I.   Recoverable Costs Under 28 U.S.C. § 1920

A prevailing party may only recover those costs permitted by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). While the Court may include or exclude certain factors in the statute, the list is exhaustive. *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686 (E.D. Tex. 2007) ("A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute.").

Defendant argues that all disputed costs are recoverable under 28 U.S.C. § 1920(2) as fees for transcripts "necessarily obtained for use in the case" (Dkt. #36 at p. 4). Defendant's justification stems from the parties' Remote Video Deposition Stipulation ("the Stipulation") expressly authorizing video-recorded depositions and designating the service provider (Dkt. #36 at p. 2; Dkt. #36-3 at pp. 1–3). According to Defendant, the Stipulation supports recovery of both video and transcript formats (Dkt. #36 at pp. 4–5). Defendant also cites Fifth Circuit and district court precedent allegedly permitting the recovery of videography costs when depositions are used in dispositive motions or trial preparation (Dkt. #36 at p. 4) (citing *Fogelman v. ARAMCO*, 920 F.2d

4

278, 285 (5th Cir. 1991); *Spear Mktg. Freight v. Bancorpsouth Bank*, 3:12-CV-3583-B, 2016 WL 193586 at *14 (N.D. Tex. Jan. 14, 2016)). In Defendant's view, the challenged costs are typical in remote deposition practice authorized by the Stipulation and, therefore, fall squarely within the recoverable categories contemplated by § 1920.

In response, Plaintiff alleges that many of the requested costs are not recoverable under § 1920 because they fall outside the statute's limited, enumerated categories (Dkt. #37 at pp. 4–5). Plaintiff contends that the statute does not authorize recovery for incidental expenses such as exhibit packages, encrypted file hosting, cloud services, or concierge technical support, all of which were charged in connection with the depositions (Dkt. #37 at pp. 4–7; *see* Dkt. #36-4 at pp. 2–3). Plaintiff also challenges the recovery of both video and transcript formats for the same deponents, arguing that courts routinely deny duplicative format costs unless the video is actually used at trial (Dkt. #37 at pp. 2–4) (citing *Eastman Chem. Co. v. PlastiPure, Inc.*, A-12-CA-057-SS, 2013 WL 5555373, at *6 (W.D. Tex. June 11, 2012)). Additionally, Plaintiff objects to expedited transcript fees, asserting counsel incurred them for convenience's sake—a reason that cannot justify recovery under the statute (Dkt. #37 at pp. 3–4). In Plaintiff's view, only the basic transcript and attendance costs are recoverable; all remaining line items should be disallowed (*see* Dkt. #37 at p. 7).

The Court finds that some, but not all, of Defendant's claimed costs are recoverable under 28 U.S.C. § 1920. Under that statute, a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Fifth Circuit has interpreted this provision to include basic transcript costs and reasonable fees for the time spent attending depositions. *See Fogelman*, 920 F.2d at 285. Accordingly, the Court finds that the fees Defendant incurred for the both the "initial services" and any "additional

hours" billed for extended depositions fall squarely within the statute and are recoverable (Dkt. #36-4 at pp. 2–3).

However, the Court agrees with Plaintiff that a number of the remaining charges are not compensable because they do not fall within the exhaustive list of taxable costs under § 1920. *See generally* 28 U.S.C. § 1920. These include fees for expedited transcript delivery, digital file hosting, media and cloud services, video synchronization, technical support, and "premium litigation packages." *See Members Only Dental, P.A. v. State Farm Lloyds*, No. 4:19-CV-00437, 2022 WL 2484553, at *4 (E.D. Tex. July 6, 2022) ("Incidental costs associated with taking the depositions, however, such as the costs for disks, delivery charges, and indexing, are generally not recoverable"); *Stoffels v. SBC Commc'ns, Inc.*, No. SA-05-CV-0233-XR, 2012 WL 2122191, at *2 (W.D. Tex. June 11, 2012) (quoting *Fogelman*, 920 F.2d at 286) ("The extra cost of obtaining expedited transcripts is not taxable 'unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript.'"). Defendant has not obtained such approval from the Court. Thus, these expenses—while perhaps useful to modern litigation practice—are, in the Court's view, incidental or convenience-based and, therefore, outside the recoverable scope of § 1920.

The statute is specific, and district courts may not expand its scope to cover costs that are not expressly enumerated. *See Crawford*, 482 U.S. at 441. Because Defendant has not shown that the incidental and premium service fees were either indispensable or statutorily enumerated, the Court concludes that these charges are not recoverable. Only the baseline transcript and attendance costs will be awarded. The Court will therefore **GRANT in part** and **DENY in part** Defendant's Motion on this ground.

## II. Whether Remote Deposition Costs Were Necessary

Defendant maintains that the disputed deposition costs were necessarily obtained for use in the case (Dkt. #36 at p. 5). In support, Defendant points out that it cited to all three depositions (i.e., those of Randy Timms, James Johnson, and Jennifer Breshears) in its Motion for Summary Judgment (Dkt. #5 at p. 5). Defendant also notes that it identified Johnson and Breshears in its deposition designations in anticipation of trial (Dkt. #5 at p. 5). This was necessary to present their trial testimony, according to Defendant, because both Johnson and Breshears resided in Oklahoma and, therefore, lived beyond the Court's subpoena power (Dkt. #36 at p. 5). *See* Fed. R. Civ. P. 45(c)(1)(A). Further, Defendant identified all three deponents as witnesses in its July 30, 2024 Pretrial Witness List (Dkt. #36 at p. 5; *see* Dkt. #32-2). In sum, Defendant maintains that the record reflects not only procedural compliance but also meaningful use of each remote deposition, satisfying the necessity requirement under § 1920.

Plaintiff, by contrast, argues that Defendant did not show that the deposition costs—particularly the video-related charges—were necessary rather than merely convenient (Dkt. #37 at pp. 3–4). Plaintiff contends that, because Defendant did not demonstrate any witness would have been unavailable to appear in person at trial, conducting a video deposition could not have been necessary (Dkt. #37 at pp. 3–4). At best, it was merely convenient. Plaintiff further argues that the Stipulation only *permitted* remote video depositions; it did not mandate the use of video in every instance (Dkt. #37 at p. 3). Thus, according to Plaintiff, the Stipulation cannot justify the necessity of Defendant's incurred costs. The burden rests on Defendant to establish necessity, and Plaintiff insists that Defendant has not done so (Dkt. #37 at p. 7).

The Court concludes that Defendant's video depositions were "necessarily obtained" for use in the case. 28 U.S.C. § 1920(b). Each disputed deposition played a substantive role in this

litigation's resolution when Defendant relied upon them in its Motion for Summary Judgment, identified two of three deponents in deposition designations, and identified all three deponents in its Pretrial Witness List (*See* Dkt. #36 at p. 5; Dkt. #22; Dkt. #32-2). This meets the threshold under Fifth Circuit precedent, which does not require that a deposition ultimately be introduced at trial to be necessary. *See W. Wind Afr. Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237–38 (5th Cir. 1988); *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) ("If , at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party."). Moreover, Johnson and Breshears resided more than one hundred miles from the Court at the time of designation (Dkt. #36 at p. 5), placing them beyond the Court's subpoena power. *See* FED. R. CIV. P. 45(c)(1)(A). Defendant reasonably anticipated using those videos in lieu of live testimony, reinforcing the necessity of recording their depositions in video format.

    The Court agrees with Defendant. Plaintiff argues that video recordings were unnecessary because the deponents could have voluntarily attended trial (Dkt. #37 at p. 3). Plaintiff also contends that the Stipulation merely allowed video depositions but did not mandate them (Dkt. #37 at p. 3). While those points are factually accurate, they impose a far more rigid standard than the law requires. The necessity requirement under § 1920 is a practical inquiry focused on whether the deposition was reasonably obtained for use in the case—not whether it was ultimately indispensable or introduced at trial. *See, e.g.*, *W. Wind Afr. Line*, 834 F.2d at 1237–38; *Fogelman*, 920 F.2d at 285. Plaintiff's argument reads necessity as though it requires advance proof of unavailability or a judicial finding that no other option was viable. But that is not the law. Courts have permitted cost recovery where a party used depositions to support dispositive motions or

designated excerpts for trial based on reasonable expectations about witness availability. *See, e.g., Spear Mktg.*, 2016 WL 193586, at *13 (approving videography costs where depositions were identified for trial and used in summary judgment briefing).

As applied here, the Court finds that Defendant's use of the depositions in summary judgment briefing and its designation of those witnesses for trial establishes that the videos were necessarily obtained for a legally significant use in this case. Plaintiff's proposed standard would discourage parties from preparing alternative trial materials—like video depositions of distant witnesses—unless they could later prove that those materials were the only possible means of presentation. That approach elevates form over substance, ignoring the practical realities of trial preparation in geographically dispersed cases. Accordingly, the Court finds that Defendant satisfied the requirements of § 1920(2). Thus, the Court will **GRANT** Defendant's Motion on this ground.

In light of the above, the Court finds that Defendant is entitled to recover the baseline costs associated with obtaining and recording depositions, but not the incidental expenses and expedited transcript surcharges, which fall outside the scope of 28 U.S.C. § 1920. For clarity, the table below sets forth each disputed cost, indicates whether that cost is recoverable, then lists the final amount recoverable by Defendant. As shown below, the Court finds that Defendant is entitled to recover $7,114.65 in costs.

| Recoverable Costs Under 28 U.S.C. § 1920 | | | |
|---|---|---|---|
| **Expense** | **Deponent** | **Amount** | **Recoverable?** |
| Priority Request Fee (Transcript) | Johnson | $ 445.70 | No |

| Expense | Deponent | Amount | Recoverable? |
|---|---|---|---|
| Supplemental Surcharges (Transcript) | Johnson | $ 88.20 | Yes |
| Veritext Exhibit Package (ACE) (Transcript) | Johnson | $ 50.00 | Yes |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) (Transcript) | Johnson | $ 95.00 | No |
| Veritext Virtual Primary Participants (Transcript) | Johnson | $ 295.00 | No |
| Hosting & Delivery of Encrypted Files (Transcript) | Johnson | $ 33.00 | No |
| Initial Services (Video) | Johnson | $ 315.00 | Yes |
| Additional Hours (Video) | Johnson | $ 250.00 | Yes |
| Digitization & Transcript Synchronization (Video) | Johnson | $ 405.00 | Yes |
| Electronic Access (Video) | Johnson | $ 50.00 | Yes |
| Media & Cloud Services (Video) | Johnson | $ 105.00 | No |
| Concierge Tech Support (Video) | Johnson | $ 740.00 | No |
| Priority Request Fee (Transcript) | Timms | $ 683.76 | No |
| Supplemental Surcharges (Transcript) | Timms | $ 115.00 | Yes |
| Veritext Exhibit Package (ACE) (Transcript) | Timms | $ 50.00 | Yes |

| **Expense** | **Deponent** | **Amount** | **Recoverable?** |
|---|---|---|---|
| Premium Litigation Package (SBF,PTZ,LEF,PTX) (Transcript) | Timms | $ 95.00 | No |
| Veritext Virtual Primary Participants (Transcript) | Timms | $ 295.00 | No |
| Hosting & Delivery of Encrypted Files (Transcript) | Timms | $ 33.00 | No |
| Initial Services (Video) | Timms | $ 315.00 | Yes |
| Additional Hours (Video) | Timms | $ 375.00 | Yes |
| Digitization & Transcript Synchronization (Video) | Timms | $ 405.00 | Yes |
| Electronic Access (Video) | Timms | $ 50.00 | Yes |
| Media & Cloud Services (Video) | Timms | $ 105.00 | No |
| Concierge Tech Support (Video) | Timms | $ 740.00 | No |
| Supplemental Surcharges (Transcript) | Breshears | $ 65.40 | Yes |
| Veritext Exhibit Package (ACE) (Transcript) | Breshears | $ 50.00 | Yes |
| Litigation Package – Secure File Site (Transcript) | Breshears | $ 58.00 | No |
| Veritext Virtual Primary Participants (Transcript) | Breshears | $ 295.00 | No |
| Hosting & Delivery of Encrypted Files (Transcript) | Breshears | $ 33.00 | No |

| Expense | Deponent | Amount | Recoverable? |
|---|---|---|---|
| Initial Services (Video) | Breshears | $ 315.00 | Yes |
| Additional Hours (Video) | Breshears | $ 125.00 | Yes |
| Digitization & Transcript Synchronization (Video) | Breshears | $ 270.00 | Yes |
| Electronic Access (Video) | Breshears | $ 50.00 | Yes |
| Media & Cloud Services (Video) | Breshears | $ 70.00 | No |
| Concierge Tech Support (Video) | Breshears | $ 555.00 | No |
| | Defendant's Requested Fees Under 28 U.S.C. § 1920: | | $ 12,233.11 |
| | Total Unrecoverable Costs | | $ 5,118.46 |
| | **Defendant's Total Recoverable Costs:** | | **$ 7,114.65** |

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion Requesting Costs (Dkt. #36) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that $7,114.65 in costs is granted to Defendant, which Plaintiff must pay within fourteen days of the entry of this Order.

**IT IS SO ORDERED.**

**SIGNED this 16th day of June, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE